[Cite as *Landis Properties 1, L.L.C. v. Sheehan*, 2024-Ohio-2755.]

.

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Landis Properties 1, LLC                     Court of Appeals No. L-23-1157

    Appellee                                 Trial Court No. CVG2300529

v.

Hope Sheehan, et al.                         **<u>DECISION AND JUDGMENT</u>**

    Appellants                               Decided:  July 19, 2024

* * * * *

David T. Brady, for appellee.

Hope Sheehan and Sean Sheehan, pro se.

* * * * *

**SULEK, P.J.**

{¶ 1} In this forcible entry and detainer action, appellants, Hope and Sean Sheehan, pro se, appeal the June 20, 2023 judgment of the Sylvania Municipal Court finding them in default of their residential lease agreement with appellee, Landis Properties 1, LLC, and granting Landis' request for a writ of restitution of the property. For the reasons that follow, the trial court's judgment is affirmed.

## I. Facts and Procedural Background

{¶ 2} On June 18, 2021, the Sheehans and Landis entered into a residential purchase agreement wherein Landis agreed to sell the Sheehans property located at 128 North Harefoote Road in Springfield Township, Lucas County, Ohio, for the sum of $121,540. The sale would take place within 12 months or when the Sheehans were able to secure financing for up to 24 months from the date of signing. The parties entered into a residential lease agreement for the same property. The lease required monthly payments of $1,475 from June 18, 2021, until June 17, 2022. Thereafter, if the Sheehans had not yet purchased the property, the lease would convert to a month-to-month tenancy at a monthly rate of $1,534.

{¶ 3} On May 2, 2023, Landis filed a complaint for forcible entry and detainer. The complaint alleged that the Sheehans were delinquent on their rental payments. Landis claimed it was owed $5,386 in unpaid rent and late fees as of the date of the complaint. Landis attached the deed, lease agreement, payment ledger, the 30-day notice, and the 3-day notice required under R.C. 1923.04. The Sheehans did not file an answer to the complaint.

{¶ 4} On June 15, 2023, the matter proceeded to an evidentiary hearing. The parties discussed whether the court had jurisdiction over the proceeding. The court's bailiff investigated the matter and Landis stated that the deed, attached to its complaint, reflected that the property was located in Springfield Township, Lucas County, Ohio. Landis called two witnesses. First it presented the testimony of the process server who

2.

on February 27, 2023, served the Sheehans with the 30-day notice to leave the residence and on April 4, 2023, posted the 3-day notice to vacate on the door of the residence. Landis then presented testimony of an iLink Real Estate Company employee who reviewed the paperwork in preparation for trial. The employee denied that he "represented" Landis but stated that American Destiny, a company he works with concerning the sale of bank-owned properties, asked him to testify. He was not sure of the relationship between American Destiny and Landis. The ledger provided to the employee showed that the Sheehans stopped making payments in September 2022. The employee testified that the Sheehans defaulted on the lease agreement.

{¶ 5} At the request of Landis' counsel, the trial court admitted all documents attached to the complaint into evidence. The documents admitted included the deed evidencing Landis' ownership of the property, the residential lease and purchase agreements, the rental payment ledger, and the 30-day and 3-day notices.

{¶ 6} The trial court questioned the Sheehans regarding the residential purchase agreement. Hope Sheehan stated that as of July 2022, they had $13,000 of equity in the premises. The Sheehans admitted that the signatures on the lease agreement "could be" or were "possibly" theirs. Hope stated that Landis was aware of their financial difficulties and that Landis terminated their access to a payment portal, which prevented them from making any further payments.

{¶ 7} On June 20, 2023, the trial court found the Sheehans in default of the terms of the lease agreement, determined that under R.C. 5313.07 they had not paid more than

3.

20 percent of the purchase price and had not made payments for 5 years,[1] and ordered the issuance of a writ of restitution.  This appeal followed.

## II.  Assignment of Error

{¶ 8} The Sheehans raise the following assignment of error

1. The trial court abused its discretion by allowing the testimony of an expert witness when the witness did not have specialized knowledge, skill, experience, or training regarding the subject matter of the testimony. The court also allowed a representative of the court (attorney Austin B. Barnes) to present a case he had no prior knowledge of before walking into court.  We also believe Sylvania municipal court doesn't have jurisdiction over this case.

## III.  Analysis

{¶ 9} The Sheehans' sole assignment of error raises multiple arguments.  The court will first address their argument that Sylvania Municipal Court lacked jurisdiction over this case.  Municipal courts have jurisdiction over forcible entry and detainer actions pursuant to R.C. Chapter 1923.  Additionally, "[t]he Sylvania municipal court has jurisdiction * * * within those portions of Swanton, Monclova, and Springfield townships lying north of the northerly boundary line of the Ohio turnpike, in Lucas County."  R.C.

---

[1]R.C. 5313.07 requires the commencement of a foreclosure, rather than an eviction, in cases where the buyer in a land installment contract has paid for a five-year period or has paid 20 percent of the total sum.

4.

1901.02(B). Here, the subject property is located within trial court's territorial jurisdiction, and therefore, it had jurisdiction over this case.

{¶ 10} The Sheehans also maintain that the trial court abused its discretion by allowing two expert witnesses to testify absent evidence of their specialized knowledge. The admission or exclusion of witness testimony is within the sound discretion of the trial court. *State v. Walton*, 2023-Ohio-1101, ¶ 17 (6th Dist.), citing *State v. Tuggle*, 2010-Ohio-4162, ¶ 37 (6th Dist.); Evid.R. 701.

{¶ 11} Landis presented the testimony of two witnesses: a process server and an employee of iLink. The process server testified as a fact witness, not as an expert, as his testimony was based on personal knowledge regarding the case. The iLink employee was also a fact witness. When the trial court questioned the basis of the iLink employee's knowledge, Landis' attorney explained that Landis, a New York company registered to do business in Ohio, contracted with a local company affiliated with iLink and that is how the employee received the documents to review prior to the hearing. Upon review, the trial court did not abuse its discretion allowing testimony from these witnesses.

{¶ 12} The Sheehans further argue that Landis' attorney lacked knowledge of the facts of the case and was not qualified to testify at trial. They point to the fact that he initially filed the matter in Toledo Municipal Court where it was dismissed due to lack of jurisdiction. The record reflects the parties' and the trial court's uncertainty as to whether the Sylvania Municipal Court had jurisdiction over the action. The issue was resolved and Landis' attorney made an opening statement demonstrating familiarity with the

5.

factual background of the case. The court subsequently questioned the attorney who stated that he authored the 30-day and 3-day letters on behalf of Landis. Thus, Landis' attorney had sufficient knowledge of the facts at issue.

{¶ 13} Finally, the Sheehans contend that following their payment lapse, Landis disabled their client portal and prevented them from making additional payments. In support, the Sheehans attached several documents to their appellate brief that were not made part of the record in the proceedings below.

{¶ 14} Appellate review of a trial court's order is limited to the record made in the trial court. *Salpietro v. Salpietro*, 2023-Ohio-169, ¶ 9 (6th Dist.), citing *Fifth Third Bank v. Fin. S. Office Partners, Ltd.,* 2010-Ohio-5638, *3 (2d Dist.). The record that we can consider is "'the record as it existed at the time the trial court rendered judgment.'" *Id.*, quoting *Leiby v. Univ. of Akron*, 2006-Ohio-2831, ¶ 7 (10th Dist.). Accordingly, this court cannot consider any exhibits attached to a party's briefs that were not made part of the trial court's record. *Id.*, citing *Star Mgt., LLC v. Fayne*, 2014-Ohio-2319, ¶ 7 (6th Dist.).

{¶ 15} Upon review, the hearing testimony and properly admitted exhibits do not support the Sheehans' contention. The evidence demonstrated that they stopped paying rent in September 2022, and that they were in default on the lease. The 30-day notice was served on February 27, 2023, and the 3-day notice was served on April 4, 2023.

6.

{¶ 16} Based on the foregoing, the trial court did not err by granting Landis' request for a writ of restitution of the real property at issue. The Sheehans' assignment of error is not well-taken.

## IV. Conclusion

{¶ 17} The June 20, 2023 judgment of the Sylvania Municipal Court is affirmed. Pursuant to App.R. 24, the Sheehans are ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.            _____

JUDGE

Myron C. Duhart, J.

_____

Charles E. Sulek, J.             JUDGE
CONCUR.

_____

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.